19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Otuma AGADAGA, Defendant-Appellant.
 No. 93-30065.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1993.*
Decided March 2, 1994.
 
 Before: TANG, FARRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Otuma Agadaga ("Agadaga") appeals his convictions for one count of mail fraud in violation of 18 U.S.C. Sec. 1341, and one count of wire fraud in violation of 18 U.S.C. Sec. 1343. Concerning the mail fraud count, Agadaga argues that there was insufficient evidence to prove the mailing of a $5,000 check as specifically alleged in the indictment. As to both counts, Agadaga argues reversible error in the making of certain erroneous evidentiary rulings. We affirm.
 
 I.
 
 3
 This was not a case devoid of any evidence of a mailing. Clearly, there was sufficient evidence to support the mailing of a $2,500 check; a fact not disputed by Agadaga. Rather, what Agadaga argues is that the government was required to prove the mailing of a $5,000 check as specifically alleged in the indictment. We disagree.
 
 
 4
 A variance between an indictment and the proof at trial is unconstitutional if a defendant's substantive rights are prejudiced. United States v. Morse, 785 F.2d 771, 775 (9th Cir.), cert. denied, 476 U.S. 1186 (1986). Such prejudice may result in three ways: "(1) inadequate opportunity to prepare a defense and exposure to unanticipated evidence at trial, (2) deprivation of the right to be tried only on charges presented in an indictment returned by a grand jury, and (3) exposure to prejudicial evidentiary spillover." Id. (citations omitted).
 
 
 5
 Agadaga was not prejudiced from an inadequate opportunity to prepare a defense and exposure to unanticipated evidence at trial. Even if not specifically alleged in the indictment, each mailing in furtherance of a scheme to defraud would have been relevant to proving the existence of that scheme. The indictment in this case alleged a scheme that took place from on or about October 1, 1991, and continuing thereafter. As the mailing of the $2,500 check took place within this period, Agadaga should have been prepared to address this check at trial.
 
 
 6
 Agadaga was also not deprived of his right to be tried only on charges presented in an indictment returned by a grand jury. He relies on Jeffers v. United States, 392 F.2d 749 (9th Cir.1968) to support his argument that the government was required to prove the mailing of a $5000 check as specifically alleged in the indictment. However, Jeffers is distinguishable. In Jeffers, the court held that the variance alleged by the government was fatal because it involved a scheme to defraud that differed from the allegations presented to the grand jury in the original indictment. Id. at 752-53. In this case, the variance between the indictment and the proof at trial related to the act of mailing rather than the alleged scheme to defraud. The only variance was in the amount of the check alleged in the indictment and the amount of the check proved at trial. Agadaga cannot show that his substantive rights were prejudiced by this variance.
 
 
 7
 Finally, as this case involved a single defendant and a single scheme to defraud, there was no risk of evidentiary spillover.
 
 
 8
 We also note that Agadaga was subject to conviction for only one count of mail fraud no matter how many mailings the government proved. In cases where there are multiple counts of mail fraud arising out of the same scheme, the government is required to join all counts in a single trial. United States v. Allen, 539 F.Supp 296, 313-15 (C.D.Cal.1982). The failure to so join precludes the government from trying a defendant on charges omitted from the first trial. Id. While Agadaga might have been charged with every instance in which the U.S. mails were used to further his scheme, the government chose to charge a single count, and was thereby precluded from ever bringing additional counts of mail fraud based on this scheme to defraud.
 
 
 9
 Because Agadaga suffered no prejudice, the variance between the indictment and the proof of mailing was not fatal. Agadaga's conviction for mail fraud is affirmed.
 
 II.
 
 10
 Agadaga argues that the district court committed reversible error when it made several erroneous evidentiary rulings. We disagree.
 
 
 11
 A district court's evidentiary rulings are reviewed for an abuse of discretion. United States v. Meyers, 847 F.2d 1408, 1411 (9th Cir.1988). Erroneous evidentiary rulings will be reversed for an abuse of discretion only if such nonconstitutional error more likely than not affected the verdict. Id. at 1412.
 
 
 12
 We have considered Agadaga's alleged erroneous evidentiary rulings concerning Las Vegas Hilton gambling records, Sivertsen's background information, statements as to Agadaga's English-speaking ability, and Agent Gadd's testimony about his conversations with the "French Legat." We do not find that any of these evidentiary rulings were erroneous, and consequently, the district court's rulings are sustained and affirmed.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3